**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4664
_____

UNITED STATES OF AMERICA

v.

YAJAIRA NAVARRO,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 1-09-cr-00703-002
District Judge: The Honorable Renee M. Bumb


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 12, 2012

Before: SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed:  January 12, 2012)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Yajaira Navarro was convicted in a jury trial of importing cocaine and

1

aiding and abetting in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B) and 18 U.S.C. § 2, and of conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B), 963. Navarro timely appeals from the District Court's judgment, claiming that the court erred: (1) by admitting expert testimony as to the street value of the imported drugs; (2) by instructing the jury on willful blindness; and (3) by denying Navarro's motion for judgment of acquittal based on the insufficiency of the Government's evidence.[1] We will affirm.

First, Navarro argues that the District Court should have excluded expert witness testimony about the street value of the imported cocaine both because the value of the drugs was not an element of the charged offenses, and because the testimony was unduly prejudicial under Federal Rule of Evidence 403. We review the decision to admit expert evidence for an abuse of discretion. *United States v. Stadtmauer*, 620 F.3d 238, 269 (3d Cir. 2010). We also review the decision to deny a Rule 403 objection for an abuse of discretion. *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007).

Although the value of the imported cocaine was not an element of the crime, it supported the Government's theory of the case—that "drug suppliers might be unwilling to entrust such valuable cargo to an ignorant courier, fearing that she

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

might be insufficiently motivated to ensure that it safely reaches its destination." *United States v. Ayala-Tapia*, 520 F.3d 66, 68 (1st Cir. 2008). The District Court thus did not abuse its discretion in admitting the expert testimony as "evidence that may assist the trier of fact." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008); *see also* Fed. R. Evid. 401, 702. Because of the probative value of this testimony, the District Court also did not abuse its discretion in denying Navarro's Rule 403 objection.

Second, Navarro argues that the District Court erred by instructing the jury on willful blindness. We review for an abuse of discretion. *Stadtmauer*, 620 F.3d at 252. At trial, the Government provided evidence to support such an instruction by showing that Navarro's co-conspirator purchased an abnormal number of shampoo bottles on the last day of their trip, and that the bottles emitted a strong, chemical odor (later discovered to be due to the presence of cocaine). This evidence could support the inference that Navarro "deliberately avoided 'ask[ing] the natural follow-up question[s]' . . . despite [her] awareness of a high probability" that she was committing an illegal act. *Id.* at 259 (quoting *United States v. Wertz-Ruiz*, 228 F.3d 250, 257 (3d Cir. 2000)). Moreover, even if no such instruction was warranted, any error was harmless given that "'the instruction itself contained the proper legal standard,'" and that there was evidence from which the jury could infer that Navarro had knowledge of the contents of the bottles. *Id.* at

260 n.26 (quoting *United States v. Leahy*, 445 F.3d 634, 654 n.15 (3d Cir. 2006)).

Finally, Navarro argues that the District Court erred by denying her motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. Navarro argues that the Government provided insufficient evidence to show that Navarro had the requisite mental state to sustain either the importation charge or the conspiracy charge. We "review[ ] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). If a rational juror could have concluded that the Government proved its case beyond a reasonable doubt, we must sustain the verdict. *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).

While the record does not contain a "mountain of evidence," as claimed by the Government, it contains sufficient circumstantial evidence to allow a rational trier of fact to conclude that Navarro agreed to the conspiracy, and that she knew that the shampoo bottles contained cocaine. Specifically, a rational juror could have inferred an agreement and the requisite mental state from the Government's evidence that: (1) Navarro's expedited passport application was paid for by an unidentified third party; (2) Navarro lied on her expedited passport application about the purpose of her trip to Costa Rica; (3) Navarro was aware that her co-conspirator purchased an abnormally large number of large shampoo bottles on the

4

last full day of a three night trip; (4) the bottles emitted a strong chemical odor and contained a thick, pasty substance; (5) identical bottles were found both in Navarro's luggage and in her co-conspirator's luggage, filled with approximately the same amount of cocaine; and (6) Navarro's demeanor instantly changed when Customs and Border Patrol began to inspect the bottles—her face turned pale, she was wringing her hands, her legs were shaking, and she looked "very worried." We will affirm.